The opinion of the Court was pronounced by

Thompson, J.
The questions submitted, and now to be decided, are,whether the plaintiff’s testimony was correctly excluded ; 1st. when offered in support of the special count of his declaration ; mnd 2dly. when offered in-support of the money counts.
The contract, offered in support of the declaration, is a direct ■promise to pay the notes, and contains no indemnity in terms. This was objected to, and excluded, on account of its variance from the contract declared upon. The plaintiff has correctly -contended, that it is safe and proper to declare on a contract according to its legal effect. And the question of variance, and the question as to the statute of limitations, virtually resolve them-■selvesffnto one 5 and that is, whether the contract, produced in evidence, is an independent and absolute promise, ora mere undertaking to indemnify and save harmless. If it is the latter, no action could be maintained upon it, until the plaintifi suflered damage by reason of the defendant’s failure to perform ; and, in that case, the statute could not commence running against the •claim, till such damage had accrued to the plaintiff. If it is an absolute promise, an action would lie upon it as soon as the time of payment had elapsed, and the statute would then commence running.
The promise is not to pay a note, signed by the plaintiff as surety for the defendant; but it is to pay a specific sum for the plaintiff to a third person, at a specified time ; and a full consideration for this is acknowledged in the writing itself. In reference to the matters now in controversy; we are not able to distinguish this from a promise to pay the same amount directly to the plaintiff.
*210 A case has been supposed by the plaintiff’s counsel: If the , 11 J • 1 , . plaintiff had discharged the notes, by paying half their amount» could he recover the whole of the defendant? Undoubtedly he could. The defendant had received a full consideration for paying the whole which he promised to pay. If he failed to pay, the plaintiff ought to recover the whole amount of him. If the defendant paid and discharged the notes, and was able to do it with half the amount, that was his gain. It would have been a matter of no interest to the plaintiff. Just so the plaintiff’s discharging the notes, by paying half or the whole, was a matter of no interest to the defendant. It would have been otherwise, had the contract been merely an indemnity. Indeed,, we must first decide the contract to be a mere indemnity, or the supposed case can have no legitimate bearing in the argument.
From this construction of the contract, there1 was a variance1, and the testimony was correctly excluded, when offered upon the special count. The same construction, also, shows the same testimony correctly excluded, when offered upon the money counts ; for it matters not whether the plaintiff had paid the notes to Rockwell or not. If the defendant had not paid them, by the time specified, he was liable to this action of the plaintiff. And the ground of this action is the contract of defendant to pay Rockwell j and not the plaintiff’s having paid him, after the defendant’s neglect to fulfil his promise. Against this action, the statute of limitations, which is pleaded in bar, commenced running as soon as the defendant became liable to the suit of the plaintiff upon this contract.
The judgement of the county courtis affirmed;